STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. COL-LINGSWOOD SEWERAGE COMPANY, PLAINTIFF IN ERROR.

Argued June 3, 1913—Decided January 22, 1914.

1. A review on the facts in a criminal case, whether on strict bills of exceptions or under section 136 of the Criminal Procedure act (2 *Comp. Stat., p.* 1863), is strictly limited to the inquiry whether there was any evidence to support a conviction under the indictment.

2. A sewage disposal company, chartered by the state to perform a public service, and whose duties are performed under the direction of the state board of health, and whose plant was constructed under plans approved by the state sewage commission, is, nevertheless, not relieved from criminal responsibility for maintaining a nuisance by the faulty construction or operation of its plant.

3. In a criminal prosecution for maintaining a nuisance by faulty construction and negligent operation of its plant, testimony offered by the sewage company, tending to show what the plant cost, and that it was unprofitable and run at a loss, was properly rejected as being irrelevant.

4. Under an indictment for maintaining a nuisance, caused by the negligent construction and operation of the defendant's sewage disposal plant, testimony that sewage could be treated near dwellings without offence, and that the noxious odors emanating from the defendant's plant could be eliminated by proper construction and operation, was admissible.

5. Where the court was requested to charge, in a prosecution for maintaining a nuisance caused by the faulty construction and negligent operation of a sewage disposal plant, that if the odors complained of came from the open sewer foot of Taylor avenue or from the marsh or any other source (there being some testi-

mony to that effect), the defendant must be acquitted, and the court charged that if the jury found the plant defective and that it was badly operated and by reason of these causes (faulty construction and bad management) the citizens were injured in the enjoyment of pure air in the locality where they live, they could convict the defendant unless there was a reasonable doubt in their minds concerning its guilt. *Held,* that this instruction sufficiently covered defendant's request and was an explicit direction to the jury that it was only for the causes, created by the defendant, proved beyond a reasonable doubt, for which it could be held liable.

On error to Camden Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the state, *William T. Kraft* and *Charles A. Wolverton.*

For the plaintiff in error, *Gaskill & Gaskill.*

The opinion of the court was delivered by

KALISCH, J.    The defendant was found guilty in the Camden Quarter Sessions of maintaining a nuisance upon two indictments, which were tried together.    The nuisance complained of is that in the conduct of its sewage disposal plant it permitted the generation of unpleasant and offensive odors, to the injury and discomfort of the community. The defendant is a corporation, chartered under the act of 1898 (*p.* 484) to collect, treat and dispose of sewage.    The defendant moved for a direction of a verdict, and it is the refusal of this motion that is mainly relied upon by the plaintiff in error for a reversal of the judgment.    As this case comes up for review under section 136 of the Criminal Procedure act (2 *Comp. Stat., p.* 1863), therefore, if it appears that the discretionary act of the court in refusing to direct a verdict of acquittal worked manifest wrong or injury to the defendant, it may be made the basis for a reversal of the judgment.    By this is not meant that the court of review will consider the question whether the verdict was against

the weight of the evidence. In *State* v. *Egan*, 55 *Vroom* 701, Mr. Justice Parker, in speaking for the Court of Errors and Appeals, very clearly enunciates the rule, as follows: "As the law now stands, whether a case comes before us on strict bill of exceptions or under the statute, or both, a review on the facts is limited in any case to the question whether there was any evidence which would support a conviction under the indictment."

The evidence adduced emanating from more than a score of witnesses tended to establish that the defendant's plant emitted offensive odors; that these odors were so powerful and offensive that breathing was rendered difficult, and that they were compelled to keep their windows closed to keep out the noisome smells, and that they were prevented from using their dwellings with ordinary comfort, &c.

Since there was evidence in the case *sub judice* that would support a conviction under the indictment, the refusal of the court to direct a verdict for the defendant is unimpugnable in a court of review on a writ of error. The refusal therefore to direct a verdict for the defendant on the ground mentioned was proper.

To meet the state's case, the defendant takes the position that because it had secured the approval of its plans for the building and location of its plant and has in every respect complied with all the requirements of the state sewage commission and the state board of health in the construction and operation of its plant, that therefore it is immune to an indictment, even though there was faulty construction and operation of the plant, which gave rise to the offensive smells.

We think the position taken by the defendant is untenable. The excuse offered in support of its contention that the defendant is chartered by the state to perform a public service, and further because such powers and duties are exercised under the direction of the state board of health, does not appear to be a valid one. The legislature in conferring on the defendant the privilege to treat sewage, did not grant with it a license to maintain a nuisance. Nor does the fact that the defendant constructed part of its plant under plans

approved by the state sewage commission absolve it absolutely from liability for maintaining a nuisance. When the defendant discovered that the nuisance arose from a faulty construction its plain duty to the public was to mend such faulty construction, and not to go on continuing the nuisance. There was testimony adduced by the state of a sanitary expert, that the defendant's septic tank was uncovered; that it emitted offensive odors; that a covered tank would be a means of preventing the odors from escaping, and also that the sewage treated by the defendant could be treated without generating offensive smells, &c. In addition to this there was testimony to the effect that even though the plant was properly constructed and adequate at the time of its installation to treat and dispose of the sewage, yet nevertheless the noisome odors were due to an overtaxing of the plant beyond its original and present capacity.

As there was some evidence from which the jury might properly have found that the nuisance complained of was the result of both a faulty construction and careless operation of the plant, the court properly refused to direct a verdict for the defendant.

Numerous exceptions were taken at the trial to the refusal of the court to admit testimony offered by the defendant, and which exceptions have been made the subjects of assignments of errors. Only those relied on at the argument and contained in the brief of the plaintiff in error will be considered.

The first exception relied on relates to the refusal of the trial judge to permit the defendant below to prove the cost of the plant and that it was not a profitable concern, that it did not meet fixed charges, &c. The relevancy of this testimony is not apparent. The issue before the jury was whether the defendant was maintaining a nuisance either by faulty construction or by negligently operating the plant. The element of cost did not enter into the inquiry in any aspect of the case. No matter how much the plant might have cost or how unprofitable it may be, neither element is sufficient to absolve a defendant from maintaining a nuisance arising from a faulty construction or negligently operating the same.

If therefore the testimony had been admitted it would have had no evidential value whatever. The testimony was properly overruled.

The next point urged is that there was error in the admission by the court of the testimony of Mr. Robinson, an expert called by the state in rebuttal, who was permitted to testify over defendant's objection that sewage could be treated near dwellings without offense; that he had designed such a plant, and that devices could be added to this plant to eliminate, or nearly so, all odors.

The argument to sustain this contention then proceeds upon the novel theory that the defendant cannot be bound by the opinion of any engineer not in the employ of the state board of health, or whose plans have not been recognized or approved by such board. It is to be observed that the expert's testimony was not objected to because it was not strictly in rebuttal of testimony offered by the defendant. An examination of the testimony introduced by the defendant disclosed that it was done with the design to establish that the offensive odors could not be eliminated, either by adopting other devices or by a more careful operation of the plant in treating sewage. We think the testimony of Mr. Robinson was admissible for the reason that it tended to establish that the defendant negligently operated the plant, and also for the purpose of showing a faulty construction which permitted the emanation of noisome odors, and which could be avoided by adopting certain devices in common use.

The theory that because the plans were drawn by engineers in the employ of the state board of health (which board, under an act of 1908 (*p.* 605), amended in 1909 (*p.* 215), was vested with the powers and duties of the state sewage commission), recognized and approved by the board, that therefore there could be no faulty construction, is palpably fallacious. When a plant is put into active operation and it is discovered that offensive odors are generated, which would not be the case if the plant was properly constructed, it is going to an unwarranted length to ask the court to assume that because the plant was constructed under

the approval of the state board of health, upon plans of its engineers, therefore, as a matter of law and fact, there could be no faulty construction of the plant, and any nuisance generated thereby is a necessary incident of the business authorized by the legislature. There is nothing in the act conferring the powers above referred to on the state sewage commission or upon the state board of health, that even hints at the theory broached by the defendant that there is an implied power in the state board of health to authorize a nuisance, because of its supervisory power over plants of this character. But this would be the logical result if the defendant's contention was upheld. Furthermore, every corporation organized under the law to operate a plant in this state for treating and disposing of sewage, would be free to permit this character of nuisance to flourish without doing anything to prevent it and be immune to indictment simply upon the plea that the plant was erected from plans of the engineers employed by the state and approved by the state board of health irrespective of the fact whether it was incidental to the business or not, and whether it could be prevented or not by devices in common use.

We think the state was at liberty to show that the foul and noisome odors were not necessarily incidental to the operation of the plant authorized by the legislature. The state was therefore entitled to show that the nuisance arose from a faulty construction or from a failure to adopt devices in common use, or from a careless operation of the plant, &c.

Bearing the views expressed in mind, they serve at once to dispose of the exceptions taken by the defendant to the court's charge relating to the subject-matter discussed. The court instructed the jury as follows: "If you find that the plant was faulty in construction and was badly operated, and by reason of *these causes* the citizens who have testified in this case were injured in the enjoyment of pure air in the locality where they live, you may find the defendant guilty, unless there is a reasonable doubt in your mind about its guilt." The court, near the close of the charge, supplement this by the following: "If you believe the works

were modern, were as well constructed as could reasonably be expected, and as well operated as could reasonably be expected, and these odors were necessarily incident to the management of its business, then you will not hesitate to acquit; but if you find that the odors resulted from faulty construction or bad management, then you will not hesitate to convict."

There was some testimony in the case which tended to establish that the odors complained of came from an open sewer at foot of Taylor avenue, or from a marsh in the neighborhood, and the court was requested specifically to charge that if the odors came from those spots, or from any other source, the verdict must be not guilty, which the court refused to do, and this refusal is assigned as error.   But an examination of the court's charge makes it clear that the court expressly told the jury that if they found the plant defective and that it was badly operated and by reason of these causes (faulty construction and bad management), the citizens were injured in the enjoyment of pure air in the locality where they live, they could convict the defendant unless there was a reasonable doubt in their minds concerning its guilt.

This language was explicit enough to give the jury to understand that it was only for causes created by the defendant, proved beyond a reasonable doubt, for which the defendant could be held liable, and not for causes due to somebody else or thing, and therefore covered the requests to charge that if the "odors complained of came from the open sewer foot of Taylor avenue, or from the marsh, or from any other source," the defendant must be acquitted.

The trial court is not obliged, though specially requested to do so, to apply a legal principle which it clearly states to the jury, to conditions of fact postulated by the defendant's counsel, particularly where such conditions do not include all the circumstances which should influence the conclusion of the jury.  *Cons. Tract. Co. v. Chenowith,* 32 *Vroom* 554.

We have examined the other assignments and find them to be without merit.

Judgment will be affirmed.